[No. 1490.]

THE STATE OF NEVADA, EX REL. H. C. CUTTING,
EX OFFICIO CURATOR OF THE STATE MUSEUM, RELATOR,
*v.* C. A. LaGRAVE, STATE CONTROLLER, RESPONDENT.

CONSTITUTIONAL LAW—CLAIMS AGAINST STATE—WHEN SHOULD BE PRE-
SENTED TO BOARD OF EXAMINERS—COMPENSATION FOR OFFICE FIXED
BY LAW.—"An act to provide relief for H. C. Cutting" (Stats. 1897,
p. 21) appropriated a sum of money to the said H. C. Cutting for
services rendered to the state as *ex officio* curator of the state
museum. It was contended that, as the claim for services was not
presented to the board of examiners prior to the passage of the
enactment by the legislature, it was in violation of article V, sec-
tion 21, of the constitution, which provides that "the governor,
secretary of state and attorney-general shall ❋ ❋ ❋ constitute a
board of examiners, with power to examine all claims against the
state (except salaries or compensation of officers fixed by law),
❋ ❋ ❋ and no claim against the state (except salaries or compen-
sation of officers fixed by law) shall be passed upon by the legisla-
ture without having been considered and acted upon by said board
of examiners": *Held,* that the act appropriates the sum ·of money
for services rendered as *ex officio* curator of the state museum and
is, therefore, compensation of an officer fixed by law and is expressly
exempted by the terms of the constitution.

ORIGINAL PROCEEDING. Application by the state, on the
relation of H. C. Cutting, *ex officio* Curator of the State

Museum, for writ of *mandamus* to compel C. A. LaGrave, State Controller, to draw a warrant in relator's favor for his salary as Curator of the State Museum.   Writ issued.

The facts sufficiently appear in the opinion.

*H. C. Cutting,* in *pro per.,* for Relator:

I.   Relator had no such claim against the state as should have been passed upon by the board of examiners.   The law of 1891, fixing relator's salary for his *ex officio* offices, had become inoperative, and no salary can be recovered by a public officer unless fixed by law.   (*Cutting* v. *LaGrave* 43 Pac. 471.)   Therefore, if relator could recover nothing for these *ex officio* services rendered, he had no claim against the state, such as is contemplated by section 21, article V, of our constitution, for had he such claim, he could sue the state and recover.

*James R. Judge,* Attorney-General, for Respondent:

I.   Article V, section 21, constitution of Nevada, provides: " The governor, secretary of state and attorney-general shall * * * constitute a board of examiners, with power to examine all claims against the state (except salaries or compensation of officers fixed by law), and perform such other duties as may be prescribed by law, and no claim against the state (except salaries or compensation of officers fixed by law) shall be passed upon by the legislature without having been considered and acted upon by the board of examiners."

II.   The act of the legislature appropriating said sum of $2,800 for the relief of relator is for payment for services rendered to the state of Nevada as *ex officio* curator of the state museum.

III.   Relator does not set forth or allege in his petition that any claim against the state of Nevada for said sum of $2,800, or any other sum of money, for services rendered by him, was presented to, considered or acted upon by the board of examiners before said claim was passed upon by the legislature.

. IV.   Under section 21, article V, constitution of Nevada, and section 1895, Gen. Stats., it is the duty of the board of

examiners to consider and act upon all claims against the state (except salaries or compensation of officers fixed by law), for which no appropriation has been made, before such claims shall be passed upon by the legislature, and, being thus required, it is necessary for relator to allege in his petition that the claim for the recovery of which this proceeding was commenced was presented to the board of examiners to be considered and acted upon, prior to being passed upon by the legislature, as there is no claim or pretense that it is for salary or compensation fixed by law. It is a fact, which, if controverted, relator must prove to maintain his action, and being so it should have been alleged in his petition. (*Jerome* v. *Stebbins*, 14 Cal. 457; *Green* v. *Palmer*, 15 Cal. 411; *O'Connor* v. *Dingley*, 26 Cal. 21; *Johnson* v. *Santa Clara Co.*, 28 Cal. 547; *Daly* v. *Russ*, 86 Cal. 117.)

By the Court, BELKNAP, C. J.:

Relator applied for a writ of *mandamus* requiring the state controller to draw his warrant for the sum of $2,800 in accordance with the provisions of an act entitled "An act to provide for the relief of H. C. Cutting," approved February 18, 1897. (Stats. 1897, 21.) Respondent demurs to the petition upon the ground that it does not state facts sufficient to constitute a cause of action. The point relied upon is that the claim was not presented to the board of examiners prior to the passage of the enactment by the legislature.

The constitution (art. V, sec. 21) provides that "the governor, secretary of state and attorney-general shall  *  *  * constitute a board of examiners, with power to examine all claims against the state (except salaries or compensation fixed by law),  *  *  * and no claim against the state (except salaries or compensation of officers fixed by law) shall be passed upon by the legislature without having been considered and acted upon by said board of examiners."

The act appropriates the sum of money mentioned to Mr. Cutting for services rendered as *ex officio* curator of the state museum; it is, therefore, clearly compensation, and is expressly exempted by the terms of the conseitution.

It is said that the salaries and compensation exempted by the constitution must be those that have been settled by pre-

existing law. Had such been the intention, apt words would have been employed. For instance: In section 28 of article IV, it is provided that "no money shall be drawn from the state treasury as salary or compensation to any officer or employee of the legislature, or either branch thereof, except in cases where such salary or compensation has been fixed by a law in force prior to the election or appointment of such officer or employee." This illustration from the constitution shows that its framers intended that no question should arise touching the meaning that should be attached to its language in that case, and it is probable that if any restriction or qualification had been intended to apply to section 28 of article IV it would have been fairly expressed, and not left to implication or conjecture. We find no reason for giving to the sentence an interpretation other than the natural import of the language used.

Let the writ issue.